Patrick M. Kelly (SBN 045426)
Robert M. Anderson (SBN 075698)
**WILSON, ELSER, MOSKOWITZ,**
  **EDELMAN & DICKER LLP**
555 South Flower Street, Suite 2900
Los Angeles, California 90071
Telephone:(213) 443-5100
Facsimile: (213) 443-5101
Attorney for Plaintiff,
AMERICAN NATIONAL INSURANCE COMPANY

JS-6

# UNITED STATES DISTRICT COURT FOR THE
# CENTRAL DISTRICTY OF CALIFORNIA
# (SOUTHERN DIVISION)

| | |
|---|---|
| AMERICAN NATIONAL INSURANCE COMPANY, a Texas corporation, <br><br> Plaintiff, <br><br> v. <br><br> JANETH VALLEJO aka JANETH VALLEJO HERNANDEZ aka JANETH HERNANDEZ; CARLOS VALLEJO, JR., a minor, by and through his Guardians, NOELIA HERNANDEZ and CELSO HERNANDEZ GARCIA; DESTINY VALLEJO, a minor, by and through her Guardians, NOELIA HERNANDEZ and CELSO HERNANDEZ GARCIA; ENRIQUE VALLEJO, a minor, by and through his Guardians, NOELIA HERNANDEZ and CELSO HERNANDEZ GARCIA; and CARLOTTA HERNANDEZ, <br><br> Defendants. | Case No. SACV 12-02028 JVS (ANx) <br><br> **STIPULATED JUDGMENT IN INTERPLEADER** |

Pursuant to the Stipulation and Order for Entry of Judgment in Interpleader entered into by and among Plaintiff, American National Insurance Company, a Texas corporation (hereinafter "Plaintiff"), and Defendants, Janeth Vallejo aka Janeth Vallejo Hernandez aka Janeth Hernandez, Carlos Vallejo, Jr., a minor, by

1 and through his Guardians, Noelia Hernandez and Celso Hernandez Garcia,
2 Destiny Vallejo, a minor, by and through her Guardians, Noelia Hernandez and
3 Celso Hernandez Garcia, Enrique Vallejo, a minor, by and through his Guardians,
4 Noelia Hernandez and Celso Hernandez Garcia, and Carlotta Hernandez
5 (hereinafter collectively "Defendants"), and it appearing that the above-entitled
6 Court has jurisdiction over the parties and the subject matter of this dispute,
7     IT IS HEREBY ORDERED, ADJUDGED AND DECREED:
8     1. The Plaintiff has properly filed its Complaint for Interpleader and
9 Declaratory Relief (hereinafter the "Complaint") against Defendants seeking a
10 judicial determination of the rights and obligations of the Plaintiff and the
11 Defendants with respect to three whole life insurance policies issued by Plaintiff,
12 as insurer, to Carlos Humberto Vallejo, as the insured, and the entitlement, if any,
13 of the Defendants, and each of them, to the death benefits owed under said
14 policies, and this is a proper cause for interpleader.
15     2. On April 5, 2010, Carlos Humberto Vallejo (hereinafter the "decedent")
16 died as a result of a stab wound inflicted by his wife, Defendant Janeth Vallejo. A
17 criminal complaint was filed against Defendant Janeth Vallejo entitled State of
18 California v. Janeth Hernandez aka Janeth Vallejo, Orange County Superior Court,
19 Case No. SAPD 10-11057. Defendant Janeth Vallejo pleaded guilty to and was
20 convicted of voluntary manslaughter and sentenced to seven (7) years in prison.
21 Defendant Janeth Vallejo is serving that sentence and is incarcerated in the State of
22 California.
23     3. During his lifetime, the decedent purchased the following three whole
24 life insurance policies from Plaintiff (hereinafter collectively referred to as the
25 "Policies"): (1) policy no. M14479538 issued on April 26, 2004; (2) policy no.
26 M16105695 issued on May 22, 2009; and (3) policy no. M16138448 issued on
27 October 5, 2009; that primary beneficiary on each one of the Policies was
28 defendant Janeth Vallejo. The secondary beneficiary on policy no. M14479538

1  was defendant Carlos Vallejo, Jr.  There was no secondary beneficiary on policy
2  no. M16105695 or on policy no. M16138448.
3      4.  The death benefits under the Policies are as follows:  (1) policy no.
4  M14479538 – twenty thousand dollars ($20,000); (2) policy no. M16105695 –
5  twenty thousand dollars ($20,000); and (3) policy no. M161138448 – fifty
6  thousand dollars ($50,000).  By reason of the death of the decedent, the death
7  benefits under the Policies have become due and owing.
8      5.  The decedent's wife, Defendant Janeth Vallejo, was the primary
9  beneficiary named on the Policies.  However, given that she has pleaded guilty to
10 and was convicted of voluntary manslaughter in connection with the death of the
11 decedent, and she has been sentenced to seven (7) years in prison, she is <u>not</u>
12 entitled to any part of the death benefits payable under the Policies.  See California
13 Probate Code §§250(a) and 252.
14     6.  The decedent's eldest child, Defendant Carlos Vallejo, Jr., is the one and
15 only secondary beneficiary named on policy no. M14479538.  Therefore, he is
16 entitled to the death benefits payable under policy no. M14479538.
17     7.  There is no secondary beneficiary named on policy no. M16105695 or
18 policy no. M16138448.  Therefore, the Estate of Carlos Humberto Vallejo (the
19 decedent) is entitled to the death benefits payable under these policies.  Carlos
20 Humberto Vallejo (the decedent) died intestate without any probate proceeding
21 being instituted.  The decedent is survived by his wife, Defendant Janeth Vallejo,
22 and his three children, Defendants Carlos Vallejo, Jr., Destiny Vallejo, and Enrique
23 Vallejo.  Given that Defendant Janeth Vallejo is <u>not</u> entitled to any part of the
24 death benefits payable under the Policies (California Probate Code §§250(a) and
25 252), the death benefits payable under policy no. M16105695 and policy no.
26 M16138448 should be distributed equally to the decedent's three children,
27 Defendants Carlos Vallejo, Jr., Destiny Vallejo, and Enrique Vallejo, in
28 accordance with the intestate succession laws of the State of California.

8.   Defendant Carlotta Hernandez, the mother of the decedent, filed a formal claim with Plaintiff for the death benefits owed under the Policies.  However, there is <u>no</u> basis for her claim, and she is <u>not</u> entitled to any part of the death benefits payable under the Policies.

9.   Policy no. M16138448 has an Accidental Death Benefit Rider, however, no benefits are payable under the Accidental Death Benefit Rider of policy no. M16138448 because of Exclusion (9) of this Rider which provides that the "Rider's benefit will not be paid if the death of the insured occurs as a direct or indirect result of any of the following:  *  *  *  (9) Injuries intentionally inflicted by another person."

10.   Noelia Hernandez and Celso Hernandez Garcia, the parents of Defendant Janeth Vallejo, have been appointed by the court as Guardians of the decedent's minor children, Defendants Carlos Vallejo, Jr., Destiny Vallejo, and Enrique Vallejo, and the following Letters of Guardianship (Juvenile) have been issued by the Superior Court of the State of California for the County of Orange:

(a)  Letters of Guardianship (Juvenile) for Carlos Vallejo, Jr., in the case entitled Carlos H. Vallejo, Orange County Superior Court, Case No. DP-019635;

(b)  Letters of Guardianship (Juvenile) for Destiny Vallejo in the case entitled Destiny Vallejo, Orange County Superior Court, Case No. DP-019636; and

(c)  Letters of Guardianship (Juvenile) for Enrique Vallejo in the case entitled Enrique Vallejo, Orange County Superior Court, Case No. DP-019637.

11.   Plaintiff claims no interest in the death benefits payable under the Policies, or any part thereof, other than as a mere stakeholder of those proceeds. Plaintiff is indifferent with respect to which Defendant(s) should receive payment of the death benefits.  Plaintiff has filed its Complaint against Defendants in good faith and without any collusion to resolve all disputes over the death benefits payable under the Policies.

12. Concurrently with the filing of its Complaint, Plaintiff properly deposited the sum of ninety-nine thousand nineteen dollars and fifty-five cents ($99,019.55) (hereinafter the "Interpleaded Funds") with the United States District Court for the Central District of California – Southern Division, which sum represents the death benefits payable under the Policies plus premium refund plus interest as follows:

(a) <u>Policy No. M14479538</u>

Death Benefits = $20,000.00

Premium Refund = $19.70

Interest = $1,976.60

(b) <u>Policy No. M16105695</u>

Death Benefits = $20,000.00

Premium Refund = $34.90

Interest = $1,978.10

(c) <u>Policy No. M16138448</u>

Death Benefits = $50,000.00

Premium Refund = $67.00

Interest = $4,943.25

13. Plaintiff has retained the services of attorneys and incurred attorneys' fees and costs for the purpose of protecting its interests in connection with the distribution of the death benefits payable owed under the Policies and the prosecution of this action. However, Plaintiff has agreed to waive any claim or right to reimbursement for any attorneys' fees and costs incurred by it if the Defendants agree to a Stipulated Judgment.

14. The Interpleaded Funds in the amount of sum of ninety-nine thousand nineteen dollars and fifty-five cents ($99,019.55) shall be distributed as follows:

(a) a disbursement of forty-seven thousand six hundred seventy dollars and seventy-one cents ($47,670.71) to fund a court appointed "blocked" savings

account for Defendant Carlos Vallejo, Jr., a minor, by and through his Guardians, Noelia Hernandez and Celso Hernandez Garcia, payable to the Bank of America located at 1418 N. Main Street, Santa Ana, California 92701.

(b) a disbursement of twenty-five thousand six hundred seventy-four dollars and forty-two cents ($25,674.42) to fund a court appointed "blocked" savings account for Defendant Destiny Vallejo, a minor, by and through her Guardians, Noelia Hernandez and Celso Hernandez Garcia, payable to the Bank of America located at 1418 N. Main Street, Santa Ana, California 92701.

(c) a disbursement of twenty-five thousand six hundred seventy-four dollars and forty-two cents ($25,674.42) to fund a court appointed "blocked" savings account for Defendant Enrique Vallejo, a minor, by and through his Guardians, Noelia Hernandez and Celso Hernandez Garcia, payable to the Bank of America located at 1418 N. Main Street, Santa Ana, California 92701.

15. Any interest, if any, earned on the Interpleaded Funds following the deposit of the Interpleaded Funds with the court ("post-deposit interest") shall be distributed by the court as follows:

(a) a disbursement equal to 39/81 times the amount of the post-deposit interest to fund a court appointed "blocked" savings account for Defendant Carlos Vallejo, Jr., a minor, by and through his Guardians, Noelia Hernandez and Celso Hernandez Garcia, payable to the Bank of America located at 1418 N. Main Street, Santa Ana, California 92701.

(b) a disbursement equal to 21/81 times the amount of the post-deposit interest to fund a court appointed "blocked" savings account for Defendant Destiny Vallejo, a minor, by and through her Guardians, Noelia Hernandez and Celso Hernandez Garcia, payable to the Bank of America located at 1418 N. Main Street, Santa Ana, California 92701.

(c) a disbursement of 21/81 times the amount of the post-deposit interest to fund a court appointed "blocked" savings account for Defendant Enrique Vallejo, a

1 minor, by and through his Guardians, Noelia Hernandez and Celso Hernandez
2 Garcia, payable to the Bank of America located at 1418 N. Main Street, Santa Ana,
3 California 92701.

4     16.  The funds deposited in the court appointed "blocked" savings accounts
5 for the benefit of Defendants Carlos Vallejo, Jr., a minor, Defendant Destiny
6 Vallejo, a minor, and Defendant Enrique Vallejo, a minor, as set forth herein shall
7 remain in the "blocked" savings accounts and may not be withdrawn except by
8 court order or by the minor when he/she reaches the age of majority.

9     17.  Pursuant to 28 U.S.C. §2361, Defendants and their heirs, successors,
10 predecessors, and assigns, are permanently enjoined from instituting or prosecuting
11 any proceeding in any state or federal court against Plaintiff, its predecessors,
12 successors, subsidiaries, affiliates, parent corporation, officers, employees and
13 agents arising out of or in any way related to the Policies or the benefits payable
14 under the Policies.

15     18.  Plaintiff, its predecessors, successors, subsidiaries, affiliates, parent
16 corporation, officers, employees and agents are discharged from any and all
17 liability to Defendants of whatever nature arising out of or in any way related to
18 the Policies or the benefits payable under the Policies.

19 Dated:  March 08, 2013

                                           _____
                                           James V. Selna
                                           Judge of the United States District Court